**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| SMDK CORP., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CREATIVE LABS, Inc., | ) | |
| CREATIVE TECHNOLOGY LTD., | ) | |
| COBY ELECTRONICS CORP., | ) | Case No. 2:08-cv-00026-TJW |
| EPSON AMERICA, INC., | ) | |
| SEIKO EPSON CORP., | ) | |
| TIC COMPUTER INC., D/B/A WOLVERINE) | | |
| DATA , | ) | JURY TRIAL DEMANDED |
| VOSONIC TECHNOLOGY CORP., | ) | |
| PHISON CORP., | ) | |
| THOMSON, D/B/A RCA BY THOMSON, | ) | |
| and | ) | |
| AUDIOVOX CORP. | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**WAL-MART STORES, INC. AND WAL-MART.COM USA, LLC'S ANSWER,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S**
**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Wal-Mart Stores, Inc. and Wal-Mart.com USA, LLC ("Walmart") hereby

respond to the Plaintiff SMDK Corp.'s ("SMDK") First Amended Complaint as follows:

**NATURE OF THE ACTION**

1.      Walmart admits that this purports to be an action for patent infringement and that

SMDK is seeking injunctive relief and monetary damages.  Walmart admits that U.S. Patent No.

6,658,202 ("the '202 Patent") is entitled "Portable Data Transfer and Mass Storage Device for

Removable Memory Modules."   Walmart admits that U.S. Patent No. 6,987,927 ("the '927

Patent") is entitled "Enhanced Digital Data Collector for Removable Memory Modules."

Walmart denies that it is infringing the '202 Patent and the '927 Patent.  Walmart further denies that SMDK is entitled to injunctive relief and monetary damages.  Walmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1, and therefore denies same.

2.      Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies same.

3.      Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies same.

4.      Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and therefore denies same.

5.      Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and therefore denies same.

6.      Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6, and therefore denies same.

7.      Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies same.

8.      Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies same.

9.      Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and therefore denies same.

10.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore denies same.

11.     Walmart admits the allegations of Paragraph 11 of the First Amended Complaint.

12.     Walmart admits the allegations of Paragraph 12 of the First Amended Complaint.

## JURISDICTION AND VENUE

13.     Walmart admits that this is alleged to be an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271, *et seq.,* but denies that it has infringed any patent rights of SMDK and denies that SMDK is entitled to any recovery from Walmart.  Walmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13, and therefore denies the same.

14.     Walmart admits that it has transacted business within the state of Texas and within this District.  Walmart denies that it has infringed any claim of the '202 Patent and '927 Patent in this district, the State of Texas, or anywhere.  Walmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14, and therefore denies same.

15.     Walmart admits that it has offered for sale, imported, or sold electronic products capable of being used to view pictures in this District.  Walmart denies the remaining allegations of Paragraph 15 that pertain to it.  Walmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15, and therefore denies same.

16.     While Walmart does not contest venue, the allegations of this paragraph are legal conclusions for which no answer is required or given.  Walmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16, and therefore denies same.

17.     Walmart admits that it has transacted business within this District.  Walmart denies that it has infringed any claim of the '202 Patent and '927 Patent in this District.  Walmart denies the remaining allegations of Paragraph 17 that pertain to it.  Walmart lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17, and therefore denies same.

## COUNT I – PATENT INFRINGEMENT

18.     Walmart admits that the '202 Patent on its face purports to have been issued on December 2, 2003.  Walmart admits the '202 Patent on its face purports to have been invented by Michael S. Battaglia and Offie L. Drennan.  Walmart denies that the '202 Patent on its face issued to SMDK as assignee of Michael S. Battaglia and Offie L. Drennan.  Walmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18, and therefore denies same.

19.     Walmart admits that the '927 Patent on its face purports to have been issued on January 17, 2006.  Walmart admits the '927 Patent on its face purports to have been invented by Michael S. Battaglia, Offie Lee Drennan, and Addison M. Fischer.  Walmart denies that the '927 Patent on its face issued to SMDK as assignee of Michael S. Battaglia, Offie Lee Drennan, and Addison M. Fischer.  Walmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19, and therefore denies same.

20.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore denies same.

21.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and therefore denies same.

22.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore denies same.

23.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore denies same.

24.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies same.

25.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and therefore denies same.

26.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and therefore denies same.

27.     Walmart denies the allegations of Paragraph 27.

28.     Walmart denies the allegations of Paragraph 28 that pertain to it.    As to the other defendants, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28, and therefore denies same.

29.     Walmart denies the allegations of Paragraph 29 that pertain to it.  As to the other defendants, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29, and therefore denies same.

30.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30, and therefore denies same.

31.     Walmart denies that it has infringed any claim of the '202 Patent and '927 Patent. Walmart denies the remaining allegations that pertain to Walmart.  As to the other defendants, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31, and therefore denies same.

## JURY DEMAND

32.     Plaintiff has demanded a trial by jury on all issues.

## PRAYER FOR RELIEF

Walmart denies the allegations in SMDK's prayer for relief against Walmart.  Walmart denies that SMDK is entitled to an award of any relief at all, or, to the relief sought in SMDK's

prayer for relief against Walmart.  SMDK is not entitled to recover damages, injunctive relief, attorney's fees, costs, interest, or any other type of recovery or relief from Walmart.  SMDK's prayer should, therefore, be denied in its entirety and with prejudice, and SMDK should take nothing.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Invalidity)

1.      SMDK's claims are barred, in full or in part, because one or more of the claims of the '202 Patent and/or '927 Patent are invalid for failure to satisfy one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Second Affirmative Defense
### (Patent Exhaustion/Express or Implied License)

2.      SMDK's claims against Walmart are precluded to the extent that any allegedly infringing products are supplied, directly or indirectly to Walmart by an entity or entities having an express or implied license to the patents-in-suit and/or that SMDK's claims are precluded pursuant to the doctrine of patent exhaustion.  By reason of the foregoing, SMDK is barred from asserting its claims for patent infringement against products used, sold, or offered for sale by Walmart.

### Third Affirmative Defense
### (Laches/Waiver)

3.      SMDK's claims against Walmart are barred in whole or in part by laches and or waiver.

### Fourth Affirmative Defense
### (Prosecution History Estoppel)

4.      SMDK's enforcement of the '202 Patent and '927 Patent against Walmart is barred by the doctrine of prosecution history estoppel by reason of amendment, cancelation,

and/or abandonment of one or more claims during prosecution and admissions made to the United States Patent and Trademark Office and to any Court and the rulings of that Court.

## Fifth Affirmative Defense
### (Prosecution Laches)

5.      SMDK's enforcement of the '927 Patent against Walmart is barred by the doctrine of prosecution laches because of unreasonable and unexplained delays in the prosecution of the '927 Patent before the United States Patent and Trademark Office.

## Sixth Affirmative Defense
### (Judicial Estoppel)

6.      SMDK's claims against Walmart are barred in whole or in part by estoppel.

## Seventh Affirmative Defense
### (Failure to Provide Notice)

7.      To the extent that SMDK seeks damages for any alleged infringement prior to its giving actual notice of the patents to Walmart, its claims are barred pursuant to 35 U.S.C. § 287(a).

## Eighth Affirmative Defense
### (Other Affirmative Defenses Based on Later Discovered Evidence)

8.      Walmart reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## Ninth Affirmative Defense
### (Injunctive Relief)

9.      SMDK is not entitled to injunctive relief because any injury to SMDK is not immediate or irreparable, and SMDK has an adequate remedy at law.

## COUNTERCLAIMS FOR DECLARATORY RELIEF

For its counterclaims against SMDK Corp. ("SMDK"), Wal-Mart Stores, Inc. and Wal-Mart.com USA, LLC ("Walmart") alleges as follows:

## NATURE OF THE ACTION

1.     This is an action seeking declaratory judgments of invalidity and noninfringement of U.S. Patent Nos. 6,658,968 ("the '202 Patent"), 6,987,927 ("the '927 Patent").  This action also seeks a declaratory judgment of unenforceability of the '927 Patent.

## JURISDICTION AND VENUE

2.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*  This is also an action for declaratory judgment arising under 28 U.S.C. §§ 2201 and 2202.

3.     This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

4.     Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

5.     As a result of the actions and statements of the Counter-Defendant, an actual controversy now exists between the parties regarding the noninfringement by Walmart and invalidity of the '202 Patent and the '927 Patent.

## THE PARTIES

6.     Wal-Mart Stores, Inc is a corporation organized under the laws of the State of Delaware, and having a principal place of business at 702 Southwest 8th Street, Bentonville, Arkansas 72716.

7.      Wal-Mart.com USA, LLC is a limited liability corporation organized under the laws of the State of California, and having a principal place of business at 702 Southwest 8th Street, Bentonville, Arkansas 72716.

8.      Upon information and belief, SMDK is a corporation organized under the laws of the State of Delaware, and having a principal place of business at 27499 Riverview Center Boulevard, Bonita Spring, Florida 34134.

## COUNT I
### (DECLARATORY JUDGMENT OF PATENT INVALIDITY)

9.      Walmart incorporates and realleges Paragraphs 1 through 8 as though fully incorporated.

10.      The claims of the '202 Patent and the '927 Patent are invalid and of no effect for failure to comply with one or more requirements set forth in 35 U.S.C., including but not limited to Sections 101, 102, 103, and/or 112, and Walmart is entitled to a declaration to that effect.

## COUNT II
### (DECLARATORY JUDGMENT OF NONINFRINGEMENT)

11.      Walmart incorporates and realleges Paragraphs 1 through 8 as though fully incorporated.

12.      SMDK has wrongfully alleged that Walmart has infringed the '202 Patent and '927 Patent.

13.      Walmart has not infringed and does not either directly or indirectly, literally or under the doctrine of equivalents infringe any valid claim of either the '202 Patent or '927 Patent, and is entitled to a declaration to that effect.

## COUNT III
## (DECLARATORY JUDGMENT OF UNENFORCEABILITY)

14.     Walmart incorporates and realleges Paragraphs 1 through 8 as though fully incorporated.

15.     The '927 Patent is unenforceable because of unreasonable and unexplained delays in the prosecution of the patent before the United States Patent and Trademark Office, and Walmart is entitled to a declaration to that effect.

### WALMART'S REQUEST FOR RELIEF

**WHEREFORE**, Walmart prays that the Court enter a final judgment:

A.     Denying SMDK any relief whatsoever on its claims and dismissing SMDK's Complaint with prejudice;

B.     Declaring that Walmart has not infringed and is not infringing the '202 Patent and '927 Patent and that SMDK take nothing by its Complaint;

C.     Declaring that the claims of the '202 Patent and '927 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112;

D.     Declaring that the '927 Patent is unenforceable due to prosecution laches;

E.     Declaration that this is an exceptional case and an award to Walmart of its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

F.     An order awarding of all costs of suit incurred by Walmart; and

G.     Awarding Walmart such other and further relief as the Court may deem just and proper.

**Dated:  January 26, 2009**

Respectfully submitted,

/s/ Guy N. Harrison_____

Guy N. Harrison

*Of Counsel*

David R. Melton (Illinois Bar No. 1883267)

Jonathan R. Spivey (Texas Bar No. 24002989)

Michael S. Kramer (Illinois Bar No. 6289980)

Foley & Lardner LLP

321 North Clark Street, Suite 2800

Chicago, Illinois 60610

Telephone: (312) 832-4500

Facsimile: (936) 832-4700

Attorney at Law

Texas Bar No. 00000077

217 N. Center

Longview, Texas 75606

Telephone: 903-758-7362

Facsimile: 903-753-9557

gnharrison@att.net

**Counsel for Defendant and Counterclaim Plaintiff Wal-Mart Stores, Inc. and Wal-Mart.com USA, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 26, 2009, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record

/s/ Guy N. Harrison
Guy N. Harrison