IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SMDK CORP., | § § | |
| Plaintiff, | § § | Civil Action No. 2:08-cv-00026 |
| v. | § § | Honorable David J. Folsom |
| CREATIVE LABS, INC., et al., | § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**PLAINTIFF SMDK CORP.'S OPPOSITION TO SEIKO EPSON, EPSON AMERICA, AND TIC'S JOINT MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

Defendants Epson America, Inc., Seiko Epson Corp., and TIC Computer Inc.'s Motion to Transfer ("Motion"), joined by Creative Labs, Inc., (collectively, the "Moving Defendants") cavalierly accuses Plaintiff SMDK Corp. ("SMDK") of forum-shopping for a "'plaintiff-friendly' 'rocket docket'". (Dkt. No. 149, at 3). They should look in the mirror. Their motion is far more telling for what it fails to address than for the few weak arguments it advances. For example, only one of the Moving Defendants is located in the Northern District of California. And another defendant located there has not joined the motion to transfer! In fact, half of the defendants have not joined the motion. That means that the majority of the parties—Plaintiff and 4 of the 8 defendants—favor the current jurisdiction.

Further, the Moving Defendants offer nothing more than a tepid excuse for why they were perfectly willing to consume the resources of this Court for approximately 21 months before filing their motion to transfer. Because the Moving Defendants have not and cannot meet their burden under 28 U.S.C. § 1404(a), the motion to transfer should be summarily denied.

**I. INTRODUCTION**

Moving Defendants rely primarily on two meritless arguments to support transfer. The first is that some "potential" non-party witnesses can be found in California. Of the 39 non-party witnesses who have been identified by the parties, only 9 reside in California, most in the Central or Southern rather than the Northern District. That leaves 30 potential witnesses who do not reside in California. And of the 9 Californians, 8 are identified as having knowledge of prior art, a topic almost always addressed by the expert witnesses. It is unlikely that any of these "potential" witnessed will testify. As for the odds that *all* would testify at trial—you would have a better chance at winning the lottery.

The Moving Defendants second argument is that 2 of the 8 defendants have offices in the Northern district of California. They don't mention that Creative Labs, Inc. only belated joined the Motion and that Walmart.com has refused to join the Motion. In actuality, the defendants in this action are large, national and international companies, with footprints across America and the world. Texas sits in the middle of the country—conveniently located to both east and west coasts. California can hardly be considered convenient for defendants in New York, Arkansas, and Indiana. Notably, none of those defendants located outside of California joined in this motion to transfer. Neither did one of the defendants located in the Northern District of California. The fact that the documentary evidence and potential witnesses are spread across the country and world prevents the Moving Defendants from demonstrating that the Northern District of California is clearly more convenient that the Eastern District of Texas. And all of SMDK's documents are already here.

In contrast to the Northern District of California, the Eastern District of Texas, and in fact, the Marshall Division have extensive expertise with the patents-in-suit, the underlying technology, the file histories and the associated prior art, having already presided over a prior litigation involving the same patents-in-suit that settled in late 2007 on the eve of trial. The Moving Defendants' half-hearted attempt to downplay the prior litigation in this District involving the identical patents should be ignored. This District has substantial interest in seeing rulings from the prior action—including a *Markman* Order—are consistently applied.

## II. FACTUAL BACKGROUND

### A. The Present Action

On January 24, 2008, Plaintiff SMDK filed the present suit, alleging infringement of U.S. Patent Nos. 6,658,202 and 6,987,927 (collectively, the "patents-in-suit"). Over twenty months after filing of this action, the Moving Defendants moved to transfer this suit to the Northern District of California. The defendants who did not join in the motion to transfer are located in Indiana, Arkansas, New York, and most interestingly, the Northern District of California.

Specifically, the four defendants that did not join the Motion are (1) Thomson, Inc., a Delaware corporation with a principal place of business located in Indiana, (2) Wal-Mart Stores, Inc. a Delaware corporation with a principal place of business located in Arkansas, (3) Wal-Mart.com USA, LLC, a California limited liability corporation, with a principal place of business located in Arkansas, and (4) Audiovox Corp., a Delaware corporation with a principal place of business located in New York. Three of the Moving Defendants are California corporations with

principal places of business in California (but only 1 in the Northern District), while one is a Japanese corporation with a principal place of business in Japan.[1]  (Dkt. No. 65).

    B.  The *Archos* Litigation

The Eastern District of Texas is familiar with the technology at issue and the patents-in-suit.[2]  In March 2005, SmartDisk Corp. (the predecessor to SMDK) filed suit in the Eastern District of Texas, alleging infringement of the patents-in-suit against Archos S.A., and Archos, Inc. (collectively, "Archos"), *SmartDisk Corp. v. Archos, S.A.*, No. 2:05-CV-101.  The *Archos* case continued for nearly two and a half years, ending in settlement in August 2007 shortly before trial was set to begin.  Among other rulings, a *Memorandum Opinion and Order* was entered, construing the patents-in-suit in November 2006.  (Ex. A to the Declaration of David M. Hill ("Hill Decl."), filed concurrently herewith).

The prior art identified by the Moving Defendants is not new.  Most of it was before the Eastern District of Texas in the *Archos* case.  The Eastern District of Texas is also familiar with the prior art that the Moving Defendants rely on in their transfer motion.  The vast majority of the subject matter of the alleged prior art was before the United States Patent and Trademark Office during prosecution of the patents-in-suit and/or at issue in the *Archos* case.  Thus both through the *Markman* process and by presiding over the *Archos* case for over two years, the alleged prior art is familiar in this Division.

---

[1] TIC Computer Inc. is a California corporation with a principal place of business located in the Central District of California.  So is Epson America, Inc.  Creative Labs, Inc. is a California corporation with a principal place of business located in Northern California.  Seiko Epson Corp. is a Japanese corporation with a principal place of business located in Japan.

[2] Following the filing of the Motion, Judge Ward recused himself from this case which was then reassigned to Judge Folsom in the Marshall Division.  Judge Ward also previously presided over the *Archos* case.  While the Court's prior experience with the patents-in-suit may not be the determinative factor it was when the Motion was filed due to the reassignment, it is still a factor that should be considered.

In November, 2005 an Order dismissing a similar motion to transfer the *Archos* case to Florida was entered, finding this venue appropriate to litigate the infringement of the patents-in-suit. (Ex. K to Hill Decl.).

### C. The Witnesses And Documents

Both potential party and non-party witnesses are located all over the country and world, including Texas, Florida, Virginia, North Carolina, California, Georgia, Indiana, New Hampshire, Colorado, New York, the United Kingdom, France, and Japan. To date, 39 potential non-party witnesses have been identified by the parties. Of these 39 witnesses, only one with information on a topic other than prior art actually resides in California. The remaining 30 witnesses—all of whom reside *outside* of California—have been identified for numerous purposes, including invention of the patents-in-suit, licensing of the patents-in-suit, invalidating the patents-in-suit, and prosecution of the patents-in-suit before the United States Patent and Trademark Office. (Exs. B-F of Hill Decl.). The party witnesses and documents are likewise located across the country and the world, including Florida, Arkansas, Indiana, New Jersey, California, and Japan. (Exs. B-J of Hill Decl.).

### III. ARGUMENT

#### A. Transfer Would Only Be Appropriate If The Moving Defendants Had Demonstrated That the Northern District of California Is Clearly More Convenient

Courts in this District recognize "a plaintiff's right to choose a venue and will not disturb that choice absent a showing that convenience and fairness necessitate transfer under the facts of that particularized case." *Novartis Vaccines & Diagnostics, Inc. v. Hoffman La Roche, Inc.*, No. 2:07-CV-507-DF, 2009 U.S. Dist. LEXIS 14656, at *4 (E.D. Tex. Feb. 3, 2009). Accordingly, a party seeking transfer under 28 U.S.C. § 1404(a) bears the burden of showing "good cause,"

which is satisfied only "when the movant demonstrates that the transferee venue is clearly more convenient." *Versata Software, Inc. v. Internet Brands, Inc.*, No. 2:08-CV-313, 2009 U.S. Dist. LEXIS 90935, at *6-7 (E.D. Tex. Sept. 30, 2009) (citation omitted); *MHL Tek, LLC v. Nissan Motor Co.*, No. 2:07-CV-289-TJW, 2009 U.S. Dist. LEXIS 13676, at *13 (E.D. Tex. Feb. 23, 2009).

In determining whether this standard has been met, courts consider a number of private- and public-interest factors. The private-interest factors are:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Versata*, 2009 U.S. Dist. LEXIS 90935, at *7. The public-interest factors include:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*Id.* at *7-8. An additional public-interest consideration, which "is of particular importance and may be determinative" in patent cases, is the interest in promoting judicial economy when one court has become familiar with the patents-in-suit. *Invitrogen Corp. v. Gen'l Elec. Co.*, No. 6:08-CV-112-JDL, 2009 U.S. Dist. LEXIS 9127, at *11 (E.D. Tex. Feb. 9, 2009); *see also Regents of Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997); *MHL Tek*, 2009 U.S. Dist. LEXIS 13676, at *33.

The Moving Defendants have failed to show that these factors "clearly demonstrate" that transfer to the Northern District of California is necessary "for the convenience of the parties and witnesses, in the interest of justice." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir.

2008).[3]  To the contrary, as explained below, consideration of these factors counsels against transferring this case.

### B. The Moving Defendants Have Not Demonstrated That The Northern District Of California Is Clearly More Convenient

#### 1. The Private Interest Factors Counsel Against Transfer

The Moving Defendants offer three private interest arguments: they allege that the convenience of witnesses factor, the sources-of-proof factor, and the compulsory process factor all favor transferring this case from the Eastern District of Texas to the Northern District of California.  (Dkt. No. 149, at 8-14).  The Moving Defendants have failed to show that these factors "clearly demonstrate" that transfer to the Northern District of California is necessary or even advisable.  In fact, as explained below, consideration of these factors counsels against transferring this case.

##### a. The Convenience of Witnesses Counsels Against Transfer

The Moving Defendants inexplicably argue that the Northern District of California is more convenient than the Eastern District of Texas for any witness, irrespective of the witness' location.  (Dkt. No. 149, at 9-10 and Exs. 1-2).  Both potential party and non-party witnesses are located all over the country and world, including Texas, Florida, Virginia, North Carolina, California, Georgia, Indiana, New Hampshire, Colorado, New York, New Jersey, the United Kingdom, France, and Japan.  (Exs. B-J to Hill Decl.).

The Fifth Circuit has held that "'the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.'"  *Versata*, 2009 U.S. Dist. LEXIS 90935, at *10 (quoting *In re Volkswagen AG*, 371 F.3d 201, 205 (5th Cir. 2004).  This factor

---

[3] Fifth Circuit law governs in motions to transfer because such motions do not involve substantive issues of patent law.  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (5th Cir. 2008).

may actually weight *against* transfer, or at worst be neutral, where the potential witnesses, as here, are spread throughout the country and world. *See, e.g., MHL Tek*, 2009 U.S. Dist. LEXIS 13676, at *19-21.

The Moving Defendants' self-serving "study" aside, the simple fact remains that the centrally located Eastern District of Texas is, on the whole, more convenient. The majority of the identified non-party witnesses residing in the United States are from the Midwest, South, and the East Coast, all of which are much closer to Texas than California. Foreign witnesses are located in the United Kingdom (closer to Texas) and Japan (closer to California). These facts are distinguishable from *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), where every identified witness resided within the transferee district. 545 F.3d 304, 317 (5th Cir. 2008) (*en banc*). These facts are similarly distinguishable from *In re TS Tech USA Corp.*, where all of the identified witnesses were located within 300 miles of the transferee court, while the transferor court was an additional 900 miles away. 551 F.3d 1315, 1320 (Fed. Cir. 2008). For the majority of the witnesses located within the United States, the Eastern District of Texas has the greater convenience of travel and the lower cost of attendance as compared with the Northern District of California. This factor thus favors denial of transfer.

Further, foreign witnesses will have to travel a "significant distance" regardless of where they testify. *In re Genentech*, 566 F.3d 1338, 1344 (Fed. Cir. 2009). For foreign witnesses, the difference between traveling to Texas or California is negligible, and plays little, if any role, in a convenience determination. *See In re Genentech*, 566 F.3d at 1347.

      b. <u>The Sources of Proof Factor Is Neutral</u>

The Moving Defendants concede that documentary evidence is located throughout the United States and the world. According to the Moving Defendants, their documentary evidence

8

is located in California, Japan and Taiwan. The remaining defendants have documents located Indiana, New Jersey and New York. SMDK's documents have been and remain located in Texas since the *Archos* case. With defendants' documents located throughout the United States and the world, and plaintiff's documents already here, the centralized location of Texas is at least as convenient as California.

This factor too is distinguishable from the facts in both *Volkswagen II* and *In re TS Tech USA Corp* because the sources of proof are widely distributed and much of it is located far away from the proposed venue. In *Volkswagen II,* all of the physical evidence was located within the proposed transferee venue. 545 F.3d at 316. Similarly in *TS Tech,* all of the sources of proof were located much closer to the proposed transferee district. 551 F.3d at 1320-21. Unlike those cases, the Moving Defendants have failed to show that access to the physical evidence would be clearly more convenient in the Northern District of California.

### c. The Compulsory Process Factor Is Neutral

The Moving Defendants overlook the fact that Offie L. Drennan, a co-inventor of the patents-in-suit, resides in Austin, Texas. (Ex. B to Hill Decl.). While Austin is beyond the 100 mile radius, courts in this district have held that when Rule 45, Fed. R. Civ. P., was completely revised in 1991, it enabled "the court to compel a witness found in the state in which the court sits to attend trial." *ICHL, LLC v. NEC Corp.*, No. 5:08-CV-65, 2009 WL 1748573, at *3 (E.D. Tex. June 19, 2009) (quoting *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 771 (E.D. Tex. 2000)). Unlike the Moving Defendants' "potential" witnesses, inventors are commonly witnesses at patent trials.

Since there is no singular venue that has compulsory process over *every* witness, transferring the case to the Northern District of California "run[s] the risk of merely reallocating

9

inconvenience to the transferee district." *Emanuel v. SPX Corp.*, No. 6:09-CV-220, 2009 U.S. Dist. LEXIS 86094, at *18-19 (E.D. Tex. Sept. 21, 2009) (citing *Novartis Vaccines & Diagnostics Inc. v. Hoffman-LaRoche Inc.*, 597 F. Supp. 2d 706, 713 (E.D. Tex. 2009)). Thus, this factor is neutral.

### 2. The Public-Interest Factors Counsel Against Transfer

#### a. Consideration of Judicial Economy Weigh Against Transfer

The Moving Defendants glossed over yet another reason why the Northern District of California is less convenient. In the recent *Archos* case, the Eastern District of Texas closely scrutinized and construed both of the patents-in-suit. (Ex. A to Hill Decl.). The District's familiarity with the patents-in-suit "may be determinative…even if the parties' considerations call[ed] for a different result." *Invitrogen*, 2009 U.S. Dist. LEXIS 9127, at *11-12 (finding significant the fact that one court was familiar "with the technology at issue, having construed three of the six patents at issue"); *see also Eli Lilly*, 119 F.3d at 1565 (holding that, where "several highly technical factual issues are presented," judicial economy favors venue with "a court that has become familiar with the issues"); *MHL Tek*, 2009 U.S. Dist. LEXIS 13676, at *33 ("[w]ith two other cases involving the exact same patents before this Court, granting defendants' motion for transfer in the present case would cut against the principals of judicial economy").

Further, the more the Moving Defendants seek to rely on third-party prior art, the more this factor weighs in favor of denying transfer. This Division is familiar with the subject matter of the prior art that the Moving Defendants rely on for their transfer argument. To a great extent, the alleged prior art propounded by the Moving Defendants was either disclosed during the prosecution of the patents-in-suit or previously asserted by Archos.

Because the Eastern District of Texas has substantially more familiarity with the patents-in-suit than the Northern District of California, considerations of judicial economy weigh strongly against transferring this case. *See Invitrogen*, 2009 U.S. Dist. LEXIS 9127, at *11-12.

      b.   <u>Localized Interest Does Not Weigh in Favor of Transfer</u>

The Moving Defendants incorrectly argue that the "citizens of the [Northern District of California] have a substantial interest in this case" because one of the Moving Defendants is based in the Northern District of California and a few of the potential non-party witnesses are as well. (Dkt. No. 149, at 14). To the contrary, in patent cases involving infringement occurring "all over the country" – such as in this case – "no specific venue has a dominant interest in resolving the issue of patent infringement." *J2 Global Communs. Inc. v. Protus IP Solutions, Inc.*, No. 6:08-CV-211-JDL, 2009 U.S. Dist. LEXIS 13210, at *19 (E.D. Tex. Feb. 19, 2009); *see also In re TS Tech USA Corp.*, 551 F.3d at 1321 (noting that, where nationwide infringement is involved, "the citizens of the Eastern District of Texas have no more or less meaningful connection to this case than any other venue").

Moreover, the Eastern District of Texas has issued a number of rulings—including a *Markman* Order—relating to the patents-in-suit. This creates a compelling localized interest. This Court is now justifiably interested in seeing that prior rulings are accorded due deference. Therefore, in the balance, this factor weighs against transfer.

      c.   <u>Court Congestion Counsels Against Transfer</u>

The Moving Defendants did not address this factor, likely because it weighs against transfer. The time to trial and resolution may be considered under a § 1404 analysis. *In re Genentech*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). Here, there is over a 7 month difference in the

median time from filing to trial in civil cases between the Eastern District of Texas (18.4 months) and the Northern District of California (25.5 months).  (Ex. K to Hill Decl.).

However, the time difference is amplified in a case such as this.  Based on the current stage of the litigation and the District's prior experience with the patents-in-suit and alleged prior art, this Court's schedule would allow this case to reach trial as early as March 2011 if allowed to continue.[4]  On the other hand, transfer to the Northern District of California, where the court would be essentially starting from scratch, would surely delay SMDK's day in court considerably longer than the 7 month average.

### d. The Remaining Public Interest Factors are Neutral

The Moving Defendants did not address the remaining public interest factors.  However, it is clear that both venues are familiar with patent laws and this case does not pose any conflict-of-law issues.  Therefore, these factors are neutral.

## IV. CONCLUSION

The Moving Defendants have failed to demonstrate that the Northern District of California is a clearly more convenient venue for this action than the Eastern District of California.  With respect to public interest considerations, the Court's familiarity with the patents-in-suit counsels strongly against transfer.  And with respect to private interest considerations, the fact that the defendants are spread across the country and world also counsels against transfer.  For all the foregoing reasons, SMDK respectfully requests that the Court deny Moving Defendants' motion to transfer venue.  (Dkt. No. 149).

---

[4] Before the reassignment of this case to Judge Folsom, this case was scheduled to go to trial in 2010.

Dated: November 13, 2009                              Respectfully submitted,

/s/ David M. Hill
David M. Hill (*Of Counsel*)
**WARD & OLIVO**
380 Madison Avenue
New York, New York 10017
Telephone: (212) 697-6262
Facsimile: (212) 972-5866
hilld@wardolivo.com

Sam Baxter, Attorney-in-Charge
Texas State Bar No. 01938000
Theodore Stevenson, III
Texas State Bar No. 19196650
Christopher T. Bovenkamp
Texas State Bar No. 24006877
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 927-2111
Facsimile: (903) 927-2622
sbaxter@mckoolsmith.com
tstevenson@mckoolsmith.com
cbovenkamp@mckoolsmith.com

William Ellsworth Davis, III
**THE DAVIS FIRM**
111 West Tyler Street
Longview, TX 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Of Counsel*
John F. Ward
John W. Olivo, Jr.
**WARD & OLIVO**
380 Madison Avenue
New York, New York 10017
Telephone: (212) 697-6262
Facsimile: (212) 972-5866
wardj@wardolivo.com
olivoj@wardolivo.com

**ATTORNEYS FOR PLAINTIFF,
SMDK, CORPORATION**

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-4(c)(2), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, on this the 13th day of November, 2009.

                                                                                /s/ David M. Hill
                                                                                   David M. Hill