IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SMDK CORP., § | | |
| § | | |
| Plaintiff, § | | |
| v. § | | CIVIL ACTION NO. 2:08-CV-26 |
| § | | |
| CREATIVE LABS, INC., et al., § | | |
| § | | |
| Defendants. § | | |

**O R D E R**

Before the Court is Defendants' Seiko Epson, Epson America, and TIC's Joint Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). Dkt. No. 149. Defendant Creative Labs, Inc. has joined in the motion. *See* Dkt. Nos. 152 and 154. The Court previously set the above-referenced motion for hearing on January 7, 2010. *See* 11/20/2009 Order, Dkt. No. 168. Since that time, the United States Court of Appeals for the Federal Circuit has entered an Order regarding 28 U.S.C. § 1404(a). *See In re Hoffmann-La Roche Inc.*, --- F.3d ----, Misc. No. 911, 2009 WL 4281965 (Fed. Cir. Dec. 2, 2009). Having considered the briefing and all relevant papers, the Court finds that the January 7, 2010 hearing should be CANCELLED and that Defendants' motion to transfer should be GRANTED.

**I. DISCUSSION**

Plaintiff brings suit alleging infringement of United States Patents No. 6,658,202 and 6,987,927, which primarily relate to consumer electronics. *See* Amended Complaint, Dkt. No. 65 at ¶ 1. Plaintiff is a Delaware corporation with its principal place of business in Bonita

1

Springs, Florida. *Id.* at ¶ 2. The defendants are located in California, New York, Arkansas, Indiana, and Japan. *See* Dkt. No. 149 at 3-4. Plaintiff does not dispute that the above-captioned case could have been brought in the Northern District of California. *See* Dkt. No. 162; *see also* Dkt. No. 149 at 7-8.

"[T]here appears to be no connection between this case and the Eastern District of Texas." *See In re Hoffmann-La Roche Inc.*, 2009 WL 4281965, at *3 (Fed. Cir. Dec. 2, 2009). None of the parties are located in the Eastern District of Texas. Plaintiff has not shown that any witnesses are located in the Eastern District of Texas, although a co-inventor of the patents-in-suit resides in Austin, Texas. *See* Dkt. No. 162 at 9. Plaintiff has not shown any research and development or any other such activity, related to either the patents-in-suit or the alleged infringement, that took place in the Eastern District of Texas. The Northern District of California may potentially be less convenient for defendants located closer to the Eastern District of Texas, to wit, the New York, Arkansas, and Indiana defendants, but no defendant opposes the present motion to transfer.

Meanwhile, several Defendants have a presence in California. *See* Dkt. No. 149 at 3-4 & 10-11. Several purportedly prior art products were developed in California, and Defendants identify several non-party witnesses that have knowledge of purportedly invalidating prior art. *Id.* at 4-6 & 9-10. On balance, Defendants have shown that the Northern District of California is a more convenient venue for the above-captioned case. The Court finds that no hearing is necessary to resolve the present motion, so the January 7, 2010 hearing should be CANCELLED. Defendants motion should be GRANTED.

## II.  CONCLUSION

Defendants' Seiko Epson, Epson America, and TIC's Joint Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 149) is hereby **GRANTED**.  The hearing previously set for January 7, 2010 is hereby **CANCELLED**.  This case is hereby **TRANSFERRED** to the Northern District of California.

   **IT IS SO ORDERED.**

   **SIGNED this 11th day of December, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE